IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH TAYLOR, AB7038, | ) | |
| Petitioner, | ) | No. C 12-0376 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| VIMAL SINGH, Acting Warden, | ) | (Docket # 2 & 4) |
| Respondent. | ) | |

Petitioner, a state prisoner at the California Medical Facility in Vacaville (CMF), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. He also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of two counts of second degree robbery. In a bifurcated proceeding, the court found true allegations that petitioner had suffered nine prior convictions, including a prior felony strike conviction. On December 4, 2009, petitioner was sentenced to 15 years in state prison.

Petitioner unsuccessfully appealed his conviction to, and unsuccessfully sought habeas relief from, the California Court of Appeal. The Supreme Court of California denied review and, on November 16, 2011, denied his final petitions for state habeas relief. The instant federal petition followed.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief by raising four claims: (1) suppression of material evidence; (2) improper admission of out-of-court identification; (3) instructional error; and (4) ineffective assistance of counsel. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. Request for Appointment of Counsel

Petitioner's motion for appointment of counsel (docket # 4) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court).

Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

1  4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  June 1, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Taylor, K.12-0376.osc.wpd